Ira Spiro,  SBN 067641
ispiro@spiromoss.com
Gregory N. Karasik, SBN 115834
greg@spiromoss.com
Spiro Moss Barness  LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone     310-235-2468
Fax:          310-235-2456

Attorneys for Plaintiff
JONELLE LEWIS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONELLE LEWIS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES AND RESTITUTION FOR FAILURE TO REIMBURSE BUSINESS EXPENSES** <br><br> **DEMAND FOR JURY TRIAL** |

Jonelle Lewis ("Plaintiff"), on behalf of herself and all others similarly situated, complains and allege as follows:

**INTRODUCTION**

1.     This class action arises out of the failure of defendant Starbucks Corporation ("Starbucks") to reimburse Store Managers, Assistant Managers and Shift Supervisors ("Employees") for their work related mileage expenses.  On behalf of herself and other similarly situated Employees, Plaintiff seek damages under the Labor Code and restitution under Business and Professions Code Section 17203.

**JURISDICTION**

2.     This Court has jurisdiction over this class action pursuant to 28 U.S.C. Section 1332(d)(2). The number of proposed class members is more than 100, the matter in controversy,

exclusive of interests and costs, exceeds the sum or value of $5,000,000 and Plaintiff is a citizen of a state different from Starbucks.  At all times relevant to this action, Plaintiff was and has been a citizen of the state of California.  At all times relevant to this action, Starbucks was and has been a citizen of the state of Washington.

**VENUE**

3.      Venue is proper in this Court because work was performed by Plaintiff and other Employees in this District and Starbucks' obligations to reimburse Plaintiff and other Employees in accordance with the Labor Code were breached in this District.

**THE PARTIES**

A.      **Plaintiffs and Class Members**

4.      Plaintiff started working for Starbucks as an Assistant Manager at the Starbucks coffee store located in Martell, California around December 2005.  She was promoted to Store Manager around May 2006, and began working as a Shift Supervisor around July 2006.  On March 9, 2007, Plaintiff gave Starbucks notice of her resignation.  Throughout her employment with Starbucks, Plaintiff regularly drove her own vehicle to perform work related tasks, such as making bank deposits or getting supplies, or to attend meetings or training sessions.  All the time Plaintiff spent driving her vehicle to perform such tasks or attend work related events was considered by Starbucks as hours worked.  On various occasions, Plaintiff requested that Starbucks reimburse her for the mileage expenses she incurred driving her own vehicle for work related purposes, but Plaintiff was always advised that, as a matter of company policy, Starbucks does not reimburse employees for mileage expenses.

5.      Class members are similarly situated persons, including Plaintiff, who are or were employed as Shift Supervisors, Assistant Managers and/or Store Managers by Starbucks in the state of California during the applicable limitations period, who were not reimbursed for any of the mileage expenses they incurred driving their own vehicles for work related purposes.

B.      **Defendant**

6.      Starbucks is a corporation, organized and incorporated under the laws of the state of Washington, which maintains its principal place of business in the state of Washington.  At all

times relevant to this action, Starbucks operated stores and employed Plaintiff and other Employees in the state of California.

## CLASS ACTION ALLEGATIONS

7.     Plaintiff brings this action on behalf of herself and a class of similarly situated Employees as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class consists of the following persons, who can be identified from Starbucks' records:

> All persons currently or formerly employed by Starbucks as a Shift Supervisor, Assistant Manager or Store Manager in a retail store in California at any time since the date four years preceding the commencement of this action.

8.     This action is brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a.     <u>Numerosity</u>.  Class members are so numerous that joinder of all class members is impracticable.  Plaintiff is informed and believes and thereon alleges that there are presently more than 4,500 class members.  Plaintiff is informed and believes and thereon alleges that there are more than 1,000 members of the Final Wages Subclass described in paragraph 18 below.

b.     <u>Commonality</u>.  There are questions of law or fact common to class members. These common questions include, but are not limited to:

(1)     Did Starbucks have a policy or practice of not reimbursing Employees for the  mileage expenses they incurred driving their own vehicles for work related purposes?

(2)     Did Starbucks violate Labor Code Section 2802 by not reimbursing Employees for the mileage expenses they incurred driving their own vehicles for work related purposes?

(3)     Did Starbucks violate Labor Code Section 201 or 202 by not paying Employees all wages owed at the time of termination?

(4)     Did Starbucks violate Labor Code Section 201 or 202 willfully, such that Employees whose employment with Starbucks ended are entitled to recover continuation wages under Labor Code Section 203?

(5)     Did Starbucks engage in unfair competition, in violation of Business and

1    Professions Code Section 17200, by engaging in the unlawful practices

2    alleged herein?

3    (6)   Are Employees entitled to recover restitution from Starbucks under

4    Business and Professions Code Section 17203?

5    (7)   Are Employees entitled to recover attorney's fees in this action?

6    c.   Typicality.  The claims of Plaintiff are typical of the claims of other class

7    members.  Plaintiff and other Employees have suffered the same or similar injury based on a

8    course of conduct which is not unique to Plaintiff, but which has commonly affected Employees.

9    d.   Adequate Representation.  Plaintiff will fairly and adequately protect the interests

10   of the class members.  Plaintiff does not have any conflicts of interest with other Employees and

11   Plaintiff will vigorously prosecute this action on behalf of other Employees.  Plaintiff is

12   represented by legal counsel with substantial class action experience in civil litigation and

13   employment law.

14   9.   This case is brought and may be maintained as a class action under Rule 23(b)(1)

15   and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

16   a.   Risk of Inconsistent Judgments.  The unlawful payment practices of Starbucks

17   alleged herein constitute a course of conduct common to Employees.  Prosecution of separate

18   actions by individual class members would create a risk of adjudications with respect to

19   individual members of the class which would, as a practical matter, be dispositive of the interests

20   of the other members not parties to the adjudications.

21   b.   Predominant Questions of Law or Fact.  Questions of law or fact common to class

22   members predominate over any questions affecting only individual members, and a class action

23   is superior to other available methods for the fair and efficient adjudication of the controversy.

24   Class action treatment will allow a large number of similarly situated Employees to prosecute

25   their common claims in a single forum, simultaneously, efficiently, and without the unnecessary

26   duplication of effort and expense that numerous individual actions would require.  Further, the

27   monetary amounts due to many individual class members are likely to be relatively small, and the

28   burden and expense of individual litigation would make it difficult or impossible for individual

1 class members to seek and obtain relief. A class action will serve an important public interest by
2 permitting Employees harmed by Starbucks' unlawful practices to effectively pursue recovery of
3 the sums owed to them.

4      10.    Plaintiffs are not aware of any difficulties that are likely to be encountered in the
5 management of this action that would preclude its maintenance as a class action.

6 <center>**FIRST CLAIM FOR RELIEF**</center>

7 <center>**FAILURE TO REIMBURSE BUSINESS EXPENSES**</center>

8      11.    Plaintiff incorporates paragraphs 1 through 10 of this complaint as if fully alleged
9 herein.

10      12.    At all relevant times, Employees were employees of Starbucks covered by Labor
11 Code Section 2802.

12      13.    Pursuant to Labor Code Section 2802, Employees were entitled to indemnification
13 for all necessary expenditures or losses incurred in direct consequence of the discharge of their
14 duties.

15      14.    Starbucks failed to indemnify Employees for business expenses in accordance
16 with Labor Code Section 2802. Plaintiff is informed and believes and thereon alleges that at all
17 relevant times within the applicable limitations period, Starbucks maintained a policy or practice
18 of not reimbursing Employees for the mileage expenses they incurred driving their own vehicles
19 for work related purposes.

20      15.    As a result of Starbucks' conduct, Employees have suffered damages in an
21 amount, subject to proof, to the extent they were not reimbursed for all the mileage expenses
22 they incurred driving their own vehicles for work related purposes.

23      16.    Pursuant to Labor Code Section 2802, Employees are entitled to recover the full
24 amount of their un-reimbursed business expenses, reasonable attorney's fees and costs of suit.

25 <center>**SECOND CLAIM FOR RELIEF**</center>

26 <center>**FAILURE TO PAY ALL WAGES OWED AT TERMINATION**</center>

27      17.    Plaintiff incorporates paragraphs 1 through 16 of this complaint as if fully alleged
28 herein.

18.     At all relevant times, Employees whose employment with Starbucks terminated within the applicable limitations period (the "Final Wages Subclass") were employees of Starbucks covered by Labor Code Section 201 or 202.

19.     At all relevant times, members of the Final Wages Subclass were entitled upon termination to payment of all wages earned and unpaid prior to termination pursuant to Labor Code Sections 201 or 202.  Discharged employees were entitled to payment of their earned and unpaid wages immediately upon termination.  Employees who resigned were entitled to payment of their earned and unpaid wages within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of their earned and unpaid wages at the time of resignation.

20.     Starbucks failed to pay members of the Final Wages Subclass all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202.  Plaintiff is informed and believes and thereon alleges that at all relevant times during the applicable limitations period, Starbucks maintained a policy or practice of not reimbursing Employees for the mileage expenses they incurred driving their own vehicles for work related purposes.

21.     Starbucks' failure to pay members of the Final Wages Subclass all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful.  Plaintiff is informed and believes and thereon alleges that Starbucks had the ability to reimburse Employees for their business related mileage expenses in accordance with Labor Code Sections 201 or 202, but intentionally adopted a policy or practice of not reimbursing Employees for the mileage expenses they incurred driving their own vehicles for work related purposes.

22.     Pursuant to Labor Code Section 201 or 202, members of the Final Wages Subclass are entitled to reimbursement of all business related mileage expenses incurred prior to termination that Starbucks did not pay them.

23.     Pursuant to Labor Code Section 203, members of the Final Wages Subclass are entitled to continuation of their wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

24.     As a result of Starbucks' unlawful conduct, members of the Final Wages Subclass

1    have suffered damages in an amount, subject to proof, to the extent they were not reimbursed for
2    all business related mileage expenses they incurred prior to termination.

3        25.    As a result of Starbucks' unlawful conduct, members of the Final Wages Subclass
4    have suffered damages in an amount, subject to proof, to the extent they were not paid all
5    continuation wages owed under Labor Code Section 203.

6        26.    Pursuant to Labor Code Sections 218, 218.5 and 218.6, members of the Final
7    Wages Subclass are entitled to recover the full amount of their unpaid wages, continuation wages
8    under Labor Code Section 203, interest thereon, reasonable attorney's fees and costs of suit.

9                          **THIRD CLAIM FOR RELIEF**
10                          **UNFAIR COMPETITION**

11        27.    Plaintiff incorporates paragraphs 1 through 26 of this complaint as if fully alleged
12    herein.

13        27.    The unlawful conduct of Starbucks alleged herein constitutes unfair competition
14    within the meaning of Business and Professions Code Section 17200.  Due to its unfair and
15    unlawful business practices in violation of the Labor Code, Starbucks has gained a competitive
16    advantage over other comparable companies doing business in the State of California that
17    comply with their obligations to reimburse employees for business related mileage expenses as
18    required by law.

19        28.    As a result of Starbucks' unfair competition as alleged herein, Employees have
20    suffered injury in fact and lost money or property.  Employees have been deprived of their rights
21    to reimbursement of business related mileage expenses, payment of all wages due upon
22    termination of employment, and payment of continuation wages.

23        29.    Pursuant to Business and Professions Code Section 17203, Employees are entitled
24    to restitution of all monies rightfully belonging to them that Starbucks failed to pay them and
25    wrongfully retained by means of its unlawful and unfair business practices.

26        30.    Plaintiffs and other Employees are entitled to recover reasonable attorney's fees
27    in connection with their unfair competition claims pursuant to Code of Civil Procedure Section
28    1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all other similarly situated Employees, prays for relief and judgment against Starbucks as follows:

A.   An order that the action be certified as a class action;

B.   An order that Plaintiff be certified as representative of the class;

C.   An order that counsel for Plaintiff be appointed class counsel;

D.   Damages;

E.   Restitution;

F.   Pre-judgment interest;

G.   Costs of suit;

H.   Reasonable attorney's fees; and

I.   Such other relief as the Court deems just and proper.

DATED:  March 12, 2007            SPIRO MOSS BARNESS LLP

By:  _____
      Gregory N. Karasik

Attorneys for Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the class on all claims so triable.


DATED:  March 12, 2007            SPIRO MOSS BARNESS LLP

By:  _____
      Gregory N. Karasik