1 | CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
2 | MARK R. CURIEL (SBN 222749)
**AKIN GUMP STRAUSS HAUER & FELD LLP**
3 | 2029 Century Park East, Suite 2400
Los Angeles, California 90067-3012
4 | Telephone:       310-229-1000
Facsimile:       310-229-1001
5 | cconway@akingump.com
gknopp@akingump.com
6 | mcuriel@akingump.com

7 | Attorneys for Defendant
STARBUCKS CORPORATION
8 |

9 |

10 | UNITED STATES DISTRICT COURT

11 | EASTERN DISTRICT OF CALIFORNIA

12 |

13 | JONELLE LEWIS, on behalf of herself and all others similarly situated,        Case No. 2:07-CV-00490-MCE-DAD

14 |

15 |                   Plaintiff,        **SETTLEMENT STIPULATION**

16 | v.        Date Action Filed:    March 12, 2007

17 | STARBUCKS CORPORATION,

18 |                   Defendant.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1       This Stipulation of Settlement is made by and between (1) the named Plaintiff, Jonelle Lewis,

2 on behalf of herself and on behalf of the Settlement Class, as defined below, their agents, attorneys,

3 assigns, heirs, beneficiaries, executors, administrators, legal representatives, family members, and/or

4 any other persons or entities with a direct interest in the lawsuit entitled *Lewis v. Starbucks*

5 *Corporation*, Case No. 2:07-CV-00490-MCE-DAD, and (2) Starbucks Corporation ("Starbucks") (as

6 defined below in Section 1.12). The Stipulation of Settlement resolves all claims asserted against

7 Starbucks in the Litigation, as set forth in Section 2 below.

8 **1.**     **DEFINITIONS**

9       **1.1**     The terms "Agreement" or "Settlement Agreement" as used herein mean the Stipulation

10 of Settlement.

11       **1.2**     The term "Claims Administrator" as used herein means the firm of Rust Consulting,

12 which the parties have agreed will be responsible for the administration of the Settlement Payment and

13 related matters, or such other administrator the parties shall mutually agree upon.

14       **1.3**     The term "District Court" or "Court" as used herein means the United States District

15 Court for the Eastern District of California.

16       **1.4**     The term "Final Approval" as used herein means the date when the Stipulation of

17 Settlement has been approved by the District Court and the period for appeal has expired, or, in the

18 event of an appeal, the appeal has been finally resolved to uphold the District Court's approval of the

19 Stipulation of Settlement.

20       **1.5**     The term "Litigation" as used herein means the class action entitled *Lewis v. Starbucks*

21 *Corporation*, Case No. 2:07-CV-00490-MCE-DAD.

22       **1.6**     The terms "Plaintiff" and "Named Plaintiff" as used herein mean the individual

23 expressly named as party plaintiff in the Litigation: Jonelle Lewis, acting on her own behalf and on

24 behalf of all members of the Settlement Class.

25       **1.7**     The term "Settlement Amount" as used herein means an amount not to exceed three

26 million dollars ($3,000,000) from which all attorneys' fees, settlement payments, interest, California

27 Labor Code § 2699 penalties, Named Plaintiff enhancement, costs of administration, expenses and all

28 payroll taxes (including without limitation the employer's share) shall be paid.

1     **1.8**    The term "Net Settlement Amount" as used herein means three million dollars minus

2  attorneys' fees, costs of administration, the Named Plaintiff Enhancement, and the payment to the

3  California Labor and Workforce Development Agency ("LWDA") described in Section 12.3, below.

4     **1.9**    The term "Plaintiffs' Counsel" as used herein means Spiro Moss Barness LLP and any

5  other counsel who appear in the Litigation as attorneys of record for the Named Plaintiff prior to Final

6  Approval.

7     **1.10**    The term "Settlement Period" as used herein means the period from March 12, 2003

8  through Final Approval.

9     **1.11**    The term "Class Period End Date" as used herein refers to March 19, 2008.

10    **1.12**    The term "Starbucks" or "the Company" as used herein means Starbucks Corporation

11  and its agents, employees, successors, assigns, officers, officials, directors, and shareholders.

12    **1.13**    The term "Claims Period" as used herein means the period from March 12, 2003

13  through the Class Period End Date.

14    **1.14**    The term "Settlement Class" as used herein means all persons employed by Starbucks in

15  the job categories of shift supervisor, assistant store manager, or store manager within the state of

16  California during the period from March 12, 2003 until the Class Period End Date.

17  **2.**    **BACKGROUND**

18    **2.1**    On March 12, 2007, Jonelle Lewis, a former Starbucks partner (employee), acting on

19  behalf of herself and all others similarly situated, filed a complaint captioned *Lewis v. Starbucks*

20  *Corporation*, Case No. 2:07-CV-00490-MCE-DAD, in United States District Court for the Eastern

21  District of California, asserting violations of California Labor Code §§ 201, 202, 203, 218, 218.5,

22  218.6, and 2802, as well as violations of California's unfair competition laws.  On October 25, 2007,

23  Plaintiff filed a first amended complaint ("First Amended Complaint"), adding a claim based on Labor

24  Code Sections 2699 and 2699.3. All of Plaintiff's claims in the litigation are based on the allegation

25  that Starbucks failed to reimburse class members for business expenses incurred in connection with the

26  use of a personal vehicle.

27

28

1    **2.2**    The parties agreed to pursue mediation before Hon. Edward A. Infante (Ret.) of JAMS.

2  The mediation was held on December 7, 2007. As a result of mediation and arms-length negotiations,

3  the parties have reached this Agreement.

4  **3.    SCOPE, PURPOSE AND BENEFITS OF THE SETTLEMENT**

5    **3.1**    This Agreement is intended to and does effectuate the full, final and complete resolution

6  of all allegations and claims that were asserted in the Litigation by members of the Settlement Class.

7    **3.2**    As detailed in Sections 9 and 10 below, the Agreement establishes a claims resolution

8  procedure to resolve all claims for monetary relief alleged in the Litigation.

9    **3.3**    Although no party abandons its positions taken in the Litigation, including Starbucks

10  denial of liability set forth in Section 4, below, the parties believe that continued litigation would be

11  protracted, expensive, uncertain and contrary to their best interests. In light of these realities, the

12  parties believe that the settlement is the best way to resolve the disputes between them.

13  **4.    STATEMENT OF NO ADMISSION**

14    **4.1**    Starbucks denies liability to Plaintiff upon any claim or cause of action. Starbucks

15  contends that all of its employment practices have been in compliance with applicable law. The

16  Agreement does not constitute, is not intended to constitute, and will not be deemed to constitute, an

17  admission by Starbucks as to the merits, validity or accuracy of any of the allegations or claims made

18  against it in the Litigation.

19    **4.2**    Nothing in the Agreement, nor any action taken in implementation thereof, nor any

20  statements, discussions or communications, nor any materials prepared, exchanged, issued or used

21  during the course of the negotiations leading to the Agreement is intended by the parties to, nor will

22  any of the foregoing constitute, be introduced, be used or be admissible in any way in the case or any

23  other judicial, arbitral, administrative, investigative or other forum or proceeding as evidence of any

24  violation of any federal, state or local law, statute, ordinance, regulation, rule or executive order, or any

25  obligation or duty at law or in equity. Notwithstanding the foregoing, the Agreement may be used in

26  any proceeding in the District Court that has as its purpose the interpretation, implementation or

27  enforcement of the Agreement or any orders or judgments of the District Court entered into in

28  connection therewith.

3

**4.3**     All claim forms filed or other evidence produced or created by Plaintiff in connection with the claims resolution procedures do not constitute, are not intended to constitute, and will not be deemed to constitute, an admission by Starbucks of any violation of any federal, state or local law, statute, ordinance, regulation, rule or executive order, or any obligation or duty at law or in equity.

**5.     JURISDICTION**

The District Court has jurisdiction over the parties and the subject matter of the action. The Litigation includes claims that, while Starbucks denies them in their entirety, would, if proven, authorize the District Court to grant relief pursuant to the statutes and common law cited therein. If the settlement is approved, the District Court will retain jurisdiction of the action solely for the purpose of interpreting, implementing and enforcing the Agreement consistent with the terms herein or enforcing the final judgment entered in the Litigation.

**6.     CLASS CERTIFICATION**

For settlement purposes only, the parties agree to the certification of the Settlement Class, pursuant to Fed. R. Civ. P. 23(b)(3). The parties agree that Rule 23(b)(3) class certification under the terms of the Agreement is for settlement purposes only. Nothing in the Agreement will be construed as an admission or acknowledgment of any kind that any class should be certified or given collective treatment in the Litigation or in any other action or proceeding. Further, neither the Agreement nor the District Court's actions with regard to the Agreement will be admissible in any court or other tribunal regarding the propriety of class certification or collective treatment. In the event that the Agreement is not approved by the District Court or any appellate court, is terminated, or otherwise fails to be enforceable, Starbucks will not be deemed to have waived, limited or affected in any way any of its objections or defenses in the Litigation.

**7.     WAIVER, RELEASE AND DISMISSAL**

**7.1**     Release and Waiver of Claims

Plaintiff, on behalf of herself and all members of the Settlement Class (except any class member who "opts-out" pursuant to Section 8.3 below), hereby waives, releases and promises never to assert in any forum against Starbucks, or its current and former subsidiaries or affiliates, any and all claims alleged in the First Amended Complaint and any other claims, under the California Labor Code

4

1   or otherwise, that could be asserted relating to the reimbursement of business expenses incurred by a

2   shift supervisor, assistant store manager or store manager in connection with the use of a vehicle

3   during the Settlement Period.  Even if Plaintiff and/or the Settlement Class may hereafter discover

4   facts in addition to or different from those which they now know or believe to be true with respect to

5   the subject matter of the claims that were brought or could have been brought, the Plaintiff and the

6   Settlement Class shall be deemed to have forever released any and all such claims.

7          Upon final approval, the waiver and release of claims shall be binding on Plaintiff and all

8   members of the Settlement Class who have not exercised the right to "opt-out" pursuant to Section 8.3,

9   including each of their respective attorneys, agents, spouses, executors, representatives, guardians *ad*

10  *litem*, heirs, successors and assigns.  Further, the waiver and release of claims shall inure to the benefit

11  of Starbucks and all of its current or former subsidiaries, affiliates, predecessors, insurers, agents,

12  partners, employees, successors, assigns, officers, officials, directors, shareholders, attorneys, benefit

13  plans, administrators and trustees.

14         Named Plaintiff shall execute a more comprehensive waiver and release, pursuant to Section

15  11.3, below.

16     **7.2**    Dismissal

17         In connection with the request for Final Approval of the settlement, Plaintiff will seek dismissal

18  of the Litigation with prejudice.  Plaintiff acknowledges that the Agreement will remain contingent

19  until she seeks such dismissal and that dismissal is approved by the District Court as described in

20  Section 16 below.

21  **8.     NOTICE, OBJECTIONS AND OPPORTUNITY TO OPT-OUT**

22     **8.1**    Notice

23         Within 15 days of preliminary approval by the District Court, the Claims Administrator will

24  mail a Notice of Preliminary Approval to each member of the Settlement Class via first-class regular

25  U.S. mail using the most current mailing address information available from Starbucks payroll records.

26  The notice will be in the form attached hereto as Exhibit A or as otherwise approved by the Court, and

27  will include, but not be limited to, information regarding the nature of the Litigation; a summary of the

28  substance of the Settlement Agreement, including Starbucks denial of liability; the definition of the

5

1   Settlement Class; the procedure and time period for objecting to the settlement and participating in the

2   Final Approval hearing; a statement that the District Court has preliminarily approved the settlement;

3   and information regarding the claims filing procedure and the opt-out procedure. A reminder post-

4   card, in the form attached hereto as Exhibit B, will also be mailed to the Settlement Class 15 days after

5   mailing of the Notice of Preliminary Approval. The costs associated with the mailing will be paid out

6   of the Settlement Amount.

7        **8.2**    Objections

8        All objections to the settlement by anyone, including members of the Settlement Class, must be

9   filed in the District Court and served upon all counsel of record by no later than 30 days from the

10  mailing of the Notice of Preliminary Approval. The 30-day period applies notwithstanding any

11  argument regarding non-receipt of the notice. All objections must state with particularity the basis on

12  which they are asserted. Further, if any objector intends to appear at the Final Approval hearing, either

13  in person or through counsel, he or she must include notice of that fact and state the purpose for his or

14  her appearance in his or her objection. The parties will be permitted to respond in writing to such

15  objections within the time period set by the District Court. Members of the Settlement Class who fail

16  to file and serve timely written objections in the manner specified above shall be deemed to have

17  waived any objections and shall be foreclosed from making any objection to the settlement.

18       **8.3**    Opportunity to Opt-Out

19       To opt out of the Settlement Class, a class member must file with the Claims Administrator a

20  written request to be excluded from the Settlement Class. The request must be postmarked within 45

21  days of the mailing date of the Notice of Preliminary Approval of the Settlement (the "Opt-out

22  Period").

23       The parties agree that each individual Settlement Class member retains sole discretion to opt-

24  out under this provision. Accordingly, neither party will solicit or otherwise persuade or attempt to

25  solicit or otherwise persuade any individual class member to participate in the class settlement, to opt-

26  out or to object to the settlement.

27

28

6

1      **8.4**     Starbucks Limited Right To Cancel

2            If five percent (5%) or more of the Settlement Class members validly and timely opt out of the

3      Settlement or submit timely written objections, Starbucks shall have the absolute right, in its sole

4      discretion, and notwithstanding any other provisions of the Agreement, to withdraw from, and cancel,

5      the Agreement in its entirety, whereupon the Agreement will be null and void for all purposes, and may

6      not be used or introduced in further litigation. The right can be exercised only by a writing stating

7      clearly that Starbucks is canceling, and withdrawing from, the Agreement, which is sent by counsel for

8      Starbucks to Plaintiff's Counsel, Spiro Moss Barness LLP, Attn: Gregory N. Karasik, by facsimile, and

9      by mail, no later than ten (10) business days after the expiration of the Opt-out Period. If the right

10     provided in the subparagraph is not so exercised, it shall be waived and cannot later be exercised.

11     **8.5**     Determination of Mailing Receipt and Re-mailings

12           For purposes of the Agreement, where a time limit is imposed for response to a notification,

13     offer, or other event based upon the date of receipt, the parties will allow a presumptive three days for

14     receipt after mailing by first-class regular U.S. mail, except in the case it is established that receipt in

15     fact took longer than three days or that the mail was returned.

16           Where either the notice or the claim form described below in Section 9.2 is returned

17     undelivered, there will be one attempt to re-mail such notice and claim form to the potential claimant.

18     For re-mailing purposes, a commercial database to be agreed upon by the parties will be used to

19     attempt to determine a more current address. If after the re-mailing, the notice and claim forms are

20     again returned undelivered, the process will end and the claimant will be deemed not to have opted out

21     of the Settlement.

22     **9.     CLAIMS PROCEDURE**

23           The parties have established a claims procedure to resolve all claims of the Settlement Class.

24     The procedure is governed exclusively by the terms and conditions set forth in the Agreement.

25     **9.1**     Limitations Period

26           Members of the Settlement Class may submit monetary claims for the period March 12, 2003

27     through the Class Period End Date.

28

7

1

**9.2**   Claim Forms

2        All claims will be made on a claim form in the form attached hereto as Exhibit C or as

3  otherwise approved by the Court. Within 15 days of preliminary approval by the District Court, the

4  Claims Administrator will mail a claim form to each member of the Settlement Class via first-class

5  regular U.S. mail using the most current mailing address information available from Starbucks payroll

6  records.

7        Those members of the Settlement Class choosing not to opt out of the Settlement Class and

8  who want to file a claim must follow the requirements set forth immediately below:

9        First, individuals must file a claim form with the Claims Administrator, postmarked within 45

10  days of the mailing of the Notice of Preliminary Approval of the settlement and claim form. Claims

11  postmarked after the date are conclusively untimely and invalid. The Claims Administrator shall send

12  written notice of rejection to any such claimant, except if such claim is deemed to be excusably late, as

13  governed by Section 9.3, below.

14        Unless the individual opts out of the Settlement Class, failure to file a claim form within the

15  prescribed time period will disqualify him or her from seeking monetary relief and his or her claims

16  will be extinguished. Further, such an individual will be bound by the terms of the Settlement

17  Agreement. An allegation by a Settlement Class member that he or she did not receive the Notice of

18  Preliminary Approval of the Settlement and claim form shall not be cause for the Claims Administrator

19  to accept a claim form that was not postmarked within 45 days after the date of mailing of the Notice

20  of Preliminary Approval of the Settlement and claim form, unless the claim is deemed to be excusably

21  late, as governed by Section 9.3, below.

22        The parties recognize that the damages claims in the litigation are extremely difficult to

23  determine with any certainty, so the parties have agreed that the settlement payments will be

24  determined on the basis of total miles driven as a shift supervisor, assistant store manager, or store

25  manager in the state of California between March 12, 2003 and the Class Period End Date, based on

26  information provide by each Settlement Class Member, under penalty of perjury.

27        Claimants will be required to sign the claim form under penalty of perjury and attest as follows:

28  "I certify under penalty of perjury that I have incurred mileage expenses in using my personal vehicle

8

1  in connection with the performance of my job duties for Starbucks and that I have not been reimbursed

2  for such expenses."

3       The claim form will state the total number of weeks that the class member was employed by

4  Starbucks as a shift supervisor, assistant store manager, and/or store manager during the Claims Period,

5  based on Starbucks records.

6      **9.3**   <u>Late Claims</u>

7       Any claim submitted to the Claims Administrator that is not postmarked within 45 days of the

8  mailing of the Notice of Preliminary Approval of the Settlement and claim form is presumptively

9  untimely and shall be rejected. Notwithstanding the above, an untimely claim that is received within

10 45 days from the expiration of the 45-day period may be deemed to be a permissible late claim

11 ("Permissible Late Claim") if the Claimant can establish proof of non-receipt of the Notice. The

12 burden is satisfied if the Claimant can establish that none of the addresses to which Notice was mailed

13 by the Claims Administrator is an address at which the Claimant resides, an address at which the

14 Claimant's family members reside, or an address from which mail is forwarded to an address at which

15 the Claimant does receive mail. The Claims Administrator will determine whether the Claimant has

16 established such proof, and such determination shall be final and unappealable. In the event that a

17 Claimant submits an untimely claim that is accompanied by a statement indicating extreme extenuating

18 circumstances (other than non-receipt of Notice, as addressed above) that reasonably prevented the

19 Claimant from submitting a timely claim, such a claim may be deemed to be a Permissible Late Claim

20 only by consent of Plaintiffs' Counsel and Starbucks, through its counsel.

21      Disbursements for Permissible Late Claims shall be made from the Late Claim Reserve, as set

22 forth in Section 10.5, below.

23     **9.4**   <u>No Claims After Class Period End Date</u>

24      No claims may be filed for any time period after the Class Period End Date through the date of

25 Final Approval of the Settlement. Thus, Settlement Class members are ineligible to receive monetary

26 relief based upon any claim alleged in the Litigation during this time period (and any claim for such

27 relief is thereby extinguished), unless the class member opts out pursuant to Section 8.3 above.

28

9

1

**9.5** Disputed Claims

2      If a class member believes in good faith that the number of weeks as stated in the claim form

3  are incorrect, that person may return the form to the Claims Administrator, stating on that form or other

4  supporting documentation the information he or she believes is correct and authorizing the Claims

5  Administrator to review his or her Starbucks personnel files to determine such information.  Such

6  challenges must be mailed to the Claims Administrator and postmarked within 45 days of the mailing

7  of the Notice of Preliminary Approval.

8      Upon timely receipt of any such challenge, the Claims Administrator, in consultation with

9  counsel for the settling parties, will review the pertinent personnel records showing the dates the

10  individual involved was employed as a shift supervisor, assistant store manager, and/or store manager,

11  which records Starbucks has agreed to make available to the Claims Administrator for this purpose.

12      After consulting with counsel for the settling parties, the Claims Administrator shall compute

13  the number of weeks to be used in settlement calculations.  In the event there is a dispute between the

14  dates an individual claims he or she worked in a covered position and the dates indicated by Starbucks

15  pertinent records, the records generated by Starbucks will control.  The Claims Administrator's

16  decision as to dates of employment in a covered position shall be final and unappealable.  The Claims

17  Administrator shall send written notice of its decision on any such claim to the claimant and to counsel

18  for the settling parties.

19  **10.  COMPUTATION AND DISTRIBUTION OF PAYMENTS**

20      **10.1**  Distribution Formula

21      Settlement Class members who submit a complete, timely claim form pursuant to Section 9.2

22  or 9.3 will receive a lump sum payment as good and valuable consideration for the waiver and release

23  of claims set forth in Section 7 above in an amount determined by the Claims Administrator in

24  accordance with Section 10.2 of the Agreement.

25      **10.2**  Settlement Class Payouts

26      After all timely claim forms have been received pursuant to Section 9.2, above, the Claims

27  Administrator will determine the amounts to be paid to Settlement Class members who filed timely

28  claims as follows:

10

1    The Claims Administrator first will determine the portion of the Net Settlement Amount that

2  will be paid to the Settlement Class members who filed timely claims. This amount, the "Participating

3  Class Member Settlement Amount," will be determined based on the workweeks of the Settlement

4  Class members who filed timely claims as compared to the workweeks of all members of the

5  Settlement Class. Specifically, the Claims Administrator will determine a "Participation Rate" by

6  dividing (i) the total number of "Eligible Weeks" of Settlement Class members who timely filed claims

7  pursuant to Section 9.2 by (ii) the total number of "Eligible Weeks" of all Settlement Class members.

8  (For purposes of determining this Participation Rate, an "Eligible Week" is any week in the Claims

9  Period during which a Settlement Class member was employed as a shift supervisor, assistant store

10  manager, or store manager in California.) The Claims Administrator will multiply the Participation

11  Rate by the Net Settlement Amount to determine the Participating Class Member Settlement Amount.

12  However, under no circumstances shall the Participating Class Member Settlement Amount equal less

13  than 25% of the Net Settlement Amount.

14    The Participating Class Member Settlement Amount will be divided among the Settlement

15  Class members who filed timely claims as follows: Each Settlement Class member who submits a

16  claim form will check one of three boxes on the form indicating a range of total mileage driven on

17  behalf of Starbucks during the Claims Period while working in California in the positions of shift

18  supervisor, assistant store manager, and/or store manager. Box 1 will provide the lowest range of

19  mileage (less than 100 miles) and be assigned one unit, Box 2 will provide the middle range of mileage

20  (100 to 200 miles) and be assigned two units, and Box 3 will provide the highest range of mileage

21  (greater than 200 miles) and be assigned three units. Any claimants who fail to check a box will, by

22  default, be deemed to have selected Box 1. Based on the boxes checked, the Claims Administrator will

23  total the units that the timely claim forms represent ("Total Units"). The Claims Administrator will

24  then divide the Total Units into the Participating Class Member Settlement Amount to determine the

25  value of a unit ("Unit Value"). The gross amount of the payments to Settlement Class members who

26  filed timely claim forms will be as follows:

27    Claimants who checked Box 1: One times the Unit Value

28    Claimants who checked Box 2: Two times the Unit Value

11

1    Claimants who checked Box 3: Three times the Unit Value

2    All payments will be less applicable payroll taxes including without limitation the employer's
3    share, as explained in Section 14, below.  The parties agree that the formula described herein is
4    reasonable and that the payments are designed to provide a fair settlement to each Settlement Class
5    member in light of the uncertainties of the compensation alleged to be owed to the Settlement Class
6    members and the calculation of such amounts.

7    **10.3**    Time for Distribution

8    With the exception of payments for Permissible Late Claims described in Section 9.3,
9    Starbucks, through the Claims Administrator, will distribute settlement payments to class members no
10   later than 30 days following Final Approval.  Payments for Permissible Late Claims will be distributed
11   no later than 30 days after the conclusion of the 45-day period during which Permissible Late Claims
12   may be received.

13   **10.4**    Unclaimed Funds

14   Plaintiff and Starbucks agree that the provisions of California Code of Civil Procedure Section
15   384, and any federal equivalent, are not applicable to the Agreement and that any portion of the Net
16   Settlement Amount not used to make any and all payments and distributions required by the
17   Agreement, shall remain the sole property of Starbucks.

18   **10.5**    Late Claims

19   The claim amount for any Permissible Late Claim (as defined in Section 9.3) will be calculated
20   according to Section 10.2 above.  However, under no circumstances shall the total payment for
21   Permissible Late Claims exceed $50,000.  If, in using the formula described in Section 10.2 the total
22   payment for all Permissible Late Claims would exceed $50,000, all such claims shall be reduced
23   proportionately so that the total of the Permissible Late Claims paid equals $50,000.

24   **11.    NAMED PLAINTIFF**

25   **11.1**    The Named Plaintiff will receive a lump sum enhancement payment of up to $5,000
26   (the "Named Plaintiff Enhancement"), to be deducted from the Settlement Amount in consideration for
27   her execution of a full and complete waiver and release of all known and unknown claims against
28   Starbucks and to compensate her for serving as class representative.  The Parties expressly agree that

12

1  any enhancement approved by the Court shall not be considered to be, or be paid as, wages.

2  Accordingly, no payroll tax deductions or income tax withholdings will be made from the Named

3  Plaintiff Enhancement.  Starbucks will issue a Form 1099 to Plaintiff for the full amount of the

4  enhancement and Plaintiff will be responsible for paying any taxes owed on such amount.

5       **11.2**    Unless otherwise mutually agreed, Starbucks, through the Claims Administrator, will

6  make the payment under Section 11 within three weeks of the Final Approval of the Settlement.

7       **11.3**    Named Plaintiff will provide a release that specifically encompasses both known and

8  unknown claims arising out of the alleged facts, circumstances and occurrences underlying the claims

9  set forth in the Litigation under Section 1542 of the California Civil Code, which provides as follows:

10       A general release does not extend to claims, which the creditor does not know or
         suspect to exist in his or her favor at the time of executing the release, which if known
11       by him or her must have materially affected his or her settlement with the debtor.

12  Accordingly, if the facts relating in any manner to the Settlement Agreement are found hereafter to be

13  other than or different from the facts now believed to be true, the release of claims contained herein

14  shall remain effective.  Plaintiff, Starbucks, and the Settlement Class members acknowledge that the

15  foregoing waiver and release was separately bargained for and is a material element of the Stipulation

16  of Settlement.

17  **12.    ATTORNEYS' FEES, CLAIMS ADMINISTRATOR FEES, AND LWDA PAYMENT**

18       **12.1**    Attorneys' Fees and Reimbursement of Expenses

19       Within three weeks after Final Approval, Starbucks will pay Plaintiff's Counsel for the

20  Litigation one lump sum payment for all past and future attorneys' fees, costs and expenses necessary

21  to prosecute, settle and administer the Litigation and the Settlement Agreement in an amount to be

22  determined by the Court.  The "future" aspect of the amount includes, without limitation, all time

23  expended by Plaintiff's Counsel in defending the Settlement Agreement and securing Final Approval

24  (including any appeals therein) and in assisting claimants in preparing and filing claim forms, and there

25  will be no additional charge of any kind to either the Settlement Class members or Starbucks for such

26  work.

27       Starbucks agrees that it will not oppose any request by Plaintiff's Counsel for attorney's fees,

28  costs and expenses that does not exceed 25% of the Settlement Amount, or $750,000.

13

**12.2**   Claims Administrator

The parties have chosen Rust Consulting to administer the settlement and to act as the Claims Administrator.  The Claims Administrator will distribute the Notice of Preliminary Approval and claim forms and will calculate and disburse the amounts to be paid by Starbucks from the Settlement Amount.

**12.3**   Payment to LWDA

The parties agree to allocate thirty-three thousand, three-hundred and thirty-three dollars ($33,333.00) to the settlement of the Labor Code § 2699 claim.  Pursuant to Labor Code Section 2699(i), seventy-five percent of that amount, twenty-five thousand dollars ($25,000.00), will be paid to the LWDA within three weeks of final approval.  The remaining twenty-five percent will remain part of the Net Settlement Amount.

**13.   INTEREST**

**13.1**   The Settlement Amount includes any and all interest accruals.

**14.   TAXATION**

**14.1**   The parties agree that appropriate withholding of federal, state, and local income taxes, and the claimants' share and employer's share of FICA, FUDA and Medicare taxes, will be made from the payments to participating Class Members.  The parties further agree that payments (except for the Named Plaintiff Enhancement) shall be allocated and paid as taxable wages.  W2s will be distributed at times and in the manner required by the Internal Revenue Code of 1986 ("the Code") and consistent with the Agreement.  All applicable taxes, including the employer's share of payroll taxes, will be paid from the Settlement Amount.

**14.2**   If the Code, the regulations promulgated thereunder, or any other applicable tax law changes after the date of the Agreement, but affecting the Agreement, the processes set forth in the section may be modified with the approval of the District Court in a manner to bring Starbucks into compliance with any such changes.

**14.3**   Plaintiff and claimants represent that they understand that it is their obligation to pay appropriate federal, state and local income taxes on all portions of monetary relief provided under the Agreement that lawfully qualify as taxable income.

14

1        **14.4**    It is expressly understood and agreed by the parties to this agreement that no party will

2    assume any liability to any other party for the tax consequence or treatment of the settlement proceeds.

3   **15.**    <u>**NO CONTRIBUTION TO EMPLOYEE BENEFIT PLANS**</u>

4        **15.1**    The amounts paid under the Agreement do not represent a modification of any

5    previously credited time of service under any employee benefit plan, policy or bonus program

6    sponsored by Starbucks. Such amounts will not form the basis for additional contributions to, benefits

7    under, or any other monetary entitlement under, Starbucks-sponsored (self-insured or not) benefit

8    plans, policies or bonus programs. Any payments made under the terms of the Agreement shall not be

9    applied retroactively, currently or on a going forward basis as salary, earnings, wages or any other form

10   of compensation for the purposes of any Starbucks benefit plan, policy or bonus program. Starbucks

11   retains the right, but is not required, to modify the language of its benefit plans, policies and bonus

12   programs to effect the intent and to make clear that any amounts paid pursuant to the Agreement are

13   not for "hours worked," "hours paid," "hours of service," or any similar measuring term as defined by

14   applicable plans, policies and bonus programs for purposes of eligibility, vesting, benefit accrual or any

15   other purpose, and that additional contributions or benefits are not required by the Agreement.

16   **16.**    <u>**COURT APPROVAL**</u>

17        **16.1**    This Agreement is contingent upon Final Approval and dismissal with prejudice of the

18   Complaint in the Litigation and the non-withdrawal of Starbucks from the settlement in accordance

19   with Section 8.4 above.

20        **16.2**    The parties agree to take all steps as may be reasonably necessary to secure approval of

21   the Agreement, to the extent not inconsistent with the terms of the Agreement, and will not take any

22   action adverse to each other in obtaining District Court approval, and, if necessary, appellate approval,

23   of the Agreement in all respects.

24   **17.**    <u>**MISCELLANEOUS PROVISIONS**</u>

25        **17.1**    <u>Stay of Litigation</u>

26        Consistent with the parties' stipulation currently in effect, the parties agree to the stay of all

27   proceedings in the Litigation, except such proceedings as may be necessary to complete and implement

28   the Settlement Agreement, pending Final Approval of the Agreement.

15

1    **17.2**    Interpretation of the Agreement

2         The Agreement will be interpreted and enforced under the laws of the state of California

3    without regard to its conflict of laws provisions. Any claim arising out of or relating to the Agreement,

4    or the subject matter hereof, will be resolved solely and exclusively in the United States District Court

5    for the Eastern District of California, and the parties hereby consent to the personal jurisdiction of the

6    District Court over them solely in connection herewith.

7    **17.3**    Final Agreement

8         The terms and conditions of the Agreement constitute the exclusive and final understanding and

9    expression of all agreements between the parties with respect to the resolution of the Litigation. The

10   Named Plaintiff, on her own behalf and on behalf of the class she represents, and Starbucks accept

11   entry of the Agreement based solely upon its terms and not in reliance upon any representations or

12   promises other than those contained in the Agreement. The Agreement may be modified only by a

13   writing signed by the original signatories and approved by the District Court.

14   **17.4**    Counterparts

15        The Agreement may be executed in one or more actual or telecopied counterparts, all of which

16   will be considered one and the same instrument and all of which will be considered duplicate originals.

17   **17.5**    Authority

18        Each individual signing below warrants that he or she has the authority to execute the

19   Agreement on behalf of the party for whom or which that individual signs.

20   **17.6**    No Third-Party Beneficiaries

21        Individual plaintiffs and claimants are not third party beneficiaries of the Agreement, and they

22   will have no right to bring any action for any alleged violation of the Agreement.

23   **17.7**    No Unauthorized Public Comment

24        Plaintiff and her counsel agree, both before and after approval of the settlement, not to disclose

25   the terms of the settlement in any way, except in court papers or if required by legal process. Neither

26   Plaintiff nor her counsel shall issue a press release, hold a press conference concerning the settlement,

27   or otherwise publicize the settlement, with the exception that Plaintiff's counsel may post general

28   information concerning the settlement on its website. Plaintiff and her counsel agree not to respond to

                                        16

1   any press inquiries concerning the settlement except to refer reporters to papers filed with the District

2   Court.

3       **17.8**    Documents

4           The parties shall return, or confirm the destruction of, any Confidential Information to the

5   Designating Party in accordance with the Stipulation for Protection of Confidential Information and

6   Order Thereon dated June 6, 2007.

7           ///

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

1  **17.9**    Starbucks Partner Guide

2          Starbucks agrees that it will communicate its reimbursement policy to store partners by

3  including the policy in the next edition of the Partner Guide (employee handbook), which is distributed

4  to new-hires and available to current partners.

5  Dated: April 24, 2008                            AKIN GUMP STRAUSS HAUER & FELD LLP

6

7                                                    By_____
                                                          Gregory W. Knopp
8                                                    Attorneys for Defendant
                                                     STARBUCKS CORPORATION
9

10 Dated: April 25, 2008                            SPIRO MOSS BARNESS LLP

11

12                                                   By_____
                                                          Gregory N. Karasik
13                                                   Attorneys for Plaintiff JONELLE LEWIS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

# EXHIBIT A

## NOTICE OF CLASS ACTION SETTLEMENT
### READ THIS NOTICE CAREFULLY, YOUR LEGAL RIGHTS MAY BE AFFECTED

You may be entitled to a payment in the range of approximately $30 to $75 before taxes are withheld, under the terms of a class action settlement. This figure is only an estimate, as actual payments, which may be more or less, will depend on terms and variables described below. Please read the rest of this notice to find out more.

### What is the Case About?

A former employee of Starbucks alleges that Starbucks failed to reimburse California store managers, assistant store managers and shift supervisors for business expenses incurred in connection with the use of a personal vehicle. The complaint was filed on March 12, 2007 and the case, entitled *Jonelle Lewis, on behalf of herself and all others similarly situated, Plaintiffs, v. Starbucks Corporation, Defendant* Case No. 07–cv–00490-MCE-DAD, is pending in the United States District Court for the Eastern District of California.

### Am I a Settlement Class Member?

You are a Settlement Class Member if you worked for Starbucks as a shift supervisor, assistant store manager or store manager within the State of California at any time during the period from March 12, 2003 until March 19, 2008.

### What are the Terms of the Proposed Settlement?

Starbucks denies liability and contends that all of its relevant employment practices have been in compliance with applicable law. The parties believe that continued litigation would be protracted, expensive, uncertain, and contrary to their best interests. In light of these realities, the parties believe that the settlement is the best way to resolve the disputes between them.

Starbucks has agreed to pay a gross settlement amount up to Three Million Dollars ($3,000,000) in exchange for release of the claims against it. After attorney's fees, costs of administration, an incentive award to the representative plaintiff, and a $25,000 payment to the California Labor and Workforce Development Agency are deducted from the gross settlement amount, shares of the Net Settlement Amount will be distributed to Class Members who submit a timely written claim form. Appropriate withholding of federal, state, and local income taxes, and the claimants' share and employer's share of FICA, FUDA and Medicare taxes, will be made from the payments to participating Class Members. The amount each claimant will receive in settlement benefits will depend on the number of workweeks worked by the Class Member and the number of miles driven by the Class Member as indicated on the claim form in relation to the number of workweeks worked by all Class Members and the number of miles driven by all Class Members who submit timely claim forms, as described in further detail below under the heading "How will payments to Class Members be calculated?" Regardless of how many Class Members submit claims, in no event shall settlement payments to Class Members total less than 25% of the net settlement proceeds.

**Class Counsel, Class Representative and their Fees and Expenses**

The law firm of Spiro Moss Barness LLP represents all the Class Members. Class counsel will request that the Court award attorney's fees and costs of no more than 25% of the gross settlement amount, or Seven Hundred Fifty Thousand Dollars ($750,000). Class counsel will also request that the named representative Jonelle Lewis, receive an incentive award of no more than $5,000 for her service to the Class.

The contact information for Class Counsel is as follows: Spiro Moss Barness LLP; 11377 W. Olympic Blvd., 5th Floor; Los Angeles, California 90064; (310) 235-2468. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Claims Administrator**

An independent Claims Administrator, Rust Consulting, Inc., has been hired to administer the claims process. All costs and expenses incurred by the Claims Administrator, estimated to be $136,000, will be paid from the settlement amount.

**Class Counsel's Recommendation**

Class Counsel and the representative plaintiff believe that the proposed settlement is in the best interest of the Class. Based on papers submitted by Class Counsel and Starbucks, the Court has given preliminary approval to the settlement.

**Settlement Class Member Options**

You have the following options:

1.      To Remain a Settlement Class Member: If you take no action your interests as a member of the Settlement Class will be represented by the representative plaintiff and Class Counsel without any charge to you, and you will be bound by any judgment approving the settlement. You will receive the benefits of the settlement only if you file a properly completed and signed Claim Form by **Month, Day, Year**. The enclosed Claim Form contains more detailed instructions. If you require assistance in filling out the Claim Form, you may contact the Claims Administrator at 1-800-_____. You must submit a Claim Form to receive a settlement payment in accordance with the procedure described below.

2.      You Can Remain a Settlement Class Member and Hire Your Own Attorney to Represent You at Your Own Cost: If you want your own attorney to represent you in this lawsuit, your attorney must file a Notice of Appearance with the United States District Court for the Eastern District of California located at 501 I Street, Sacramento, California, 95814, with a copy to Class Counsel and Starbucks counsel. The Notice of Appearance must be filed by **Month, Day, Year**.

3.      You May Object to the Settlement: If you wish to object to all or part of the proposed settlement, you may appear at the Final Approval Hearing and show cause, if

you have any, why the settlement should not be approved as fair, reasonable and adequate, and/or why attorney's fees and expenses should not be paid to Class Counsel or why an incentive payment to the representative plaintiff should not be made. However, if the Court rejects your objection, you will still be bound by the terms of the settlement, unless you have opted out of the settlement, as discussed in paragraph 4 below.

No person shall be permitted to appear or present any such objection unless on or before **Month, Day, Year,** such person or his or her counsel shall have filed with the United States District Court for the Eastern District of California, 501 I Street, Sacramento, California, 95814 a detailed statement of his or her objection along with any supporting papers.    Copies of these objections should be mailed to both Class Counsel and Starbucks counsel at the following addresses:

Class Counsel:                                          Starbucks Counsel:
Spiro Moss Barness LLP                          Gregory W. Knopp
11377 W. Olympic Boulevard, 5th Floor    Akin Gump Strauss Hauer & Feld LLP
Los Angeles, California 90064                 2029 Century Park East Suite 2400
                                                              Los Angeles, California 90067


4.      You May Opt Out of the Settlement:  If you do not wish to be bound by the settlement, you must submit a written request to the claims administrator to "opt out" or exclude yourself from the settlement by **Month, Day, Year**.  If you opt out of the settlement you will not be bound by any judgment in this case and will not lose the right to assert against Starbucks claims for un-reimbursed business expenses incurred in connection with the use of a personal vehicle.

### Release of Claims
If you do not opt out of the settlement and the settlement is given final approval, you will release and lose the right to assert claims you might have against Starbucks related to the reimbursement of business expenses incurred in connection with the use of a personal vehicle during the period March 12, 2003 through the date of final approval of the settlement.  If you do not opt out of the settlement, all such claims will be released whether or not specifically alleged in the complaint and whether or not you submit a Claim Form or receive any benefit under the proposed settlement.

### Final Approval Hearing and Your Options
The Court will hold a Final Approval Hearing on **Month Date, Year at Time** to consider whether to give final approval to the proposed settlement, and to consider the motion of Class Counsel for attorneys' fees and an incentive payment to the representative plaintiff. Papers will be on file with the Court no later than ___ days before the hearing.  They will be available for review after that date.  If comments or objections have been received, the Court will consider them at this time. The hearing will take place in Courtroom 3 of the United States District Court for the Eastern District of California, 501 I Street, Sacramento, California, 95814.

6225568                                        3

Any person who does not make an objection in the time and manner provided above will be forever foreclosed from making any objection to the matters described herein, unless otherwise ordered by the Court.

## Claim Form Instructions

In order to receive any benefits to which you may be entitled under the settlement, you must complete and sign a Claim Form. A Claim Form is enclosed with this Notice. The Claim Form must be submitted to the Claims Administrator by **Month, Date Year**. The name and address of the Claims Administrator is **Rust Consulting, Inc., P.O. Box _____, City, State**. Please notify the Claims Administrator if you change your address or telephone number after submitting a Claim Form.

If you fail to submit your Claim Form on or before **Month, Date Year,** or if your claim form is not properly completed and signed, your claim may be rejected and you may be precluded from receiving any benefits from the settlement. A Claim Form will be deemed submitted when postmarked or, if submitted other than by first class mail, on the date actually received by the Claims Administrator.

The Claim Forms shall be maintained by the Claims Administrator until the claims process, including the distribution of settlement proceeds to Class Members, has been completed. No such form shall (1) be used in any proceeding in regard to an individual employee, or (2) be placed in any individual employee's personnel file.

## How will payments to Class Members be calculated?

After all timely claim forms have been received, the Claims Administrator will determine the amounts to be paid to Settlement Class members who filed timely claims as follows:

The Claims Administrator first will determine the portion of the Net Settlement Amount that will be paid to the Settlement Class members who filed timely claims. This amount, the "Participating Class Member Settlement Amount," will be determined based on the workweeks of the Settlement Class members who filed timely claims as compared to the workweeks of all members of the Settlement Class. Specifically, the Claims Administrator will determine a "Participation Rate" by dividing (i) the total number of "Eligible Weeks" of Settlement Class members who timely filed claims by (ii) the total number of "Eligible Weeks" of all Settlement Class members. (For purposes of determining this Participation Rate, an "Eligible Week" is any week between March 12, 2003 and March 19, 2008 during which a Settlement Class member was employed as a shift supervisor, assistant store manager, or store manager in California.) The Claims Administrator will multiply the Participation Rate by the Net Settlement Amount to determine the Participating Class Member Settlement Amount. However, under no circumstances shall the Participating Class Member Settlement Amount equal less than 25% of the Net Settlement Amount.

The Participating Class Member Settlement Amount will be divided among the Settlement Class members who filed timely claims as follows: Each Settlement Class

member who submits a claim form will check one of three boxes on the form indicating a range of total mileage driven on behalf of Starbucks during the Claims Period while working in California in the positions of shift supervisor, assistant store manager, and/or store manager. Box 1 will provide the lowest range of mileage (less than 100 miles) and be assigned one unit, Box 2 will provide the middle range of mileage (100 to 200 miles) and be assigned two units, and Box 3 will provide the highest range of mileage (greater than 200 miles) and be assigned three units. Any claimants who fail to check a box will, by default, be deemed to have selected Box 1. Based on the boxes checked, the Claims Administrator will total the units that the timely claim forms represent ("Total Units"). The Claims Administrator will then divide the Total Units into the Participating Class Member Settlement Amount to determine the value of a unit ("Unit Value"). The gross amount of the payments to Settlement Class members who filed timely claim forms will be as follows:

Claimants who checked Box 1: One times the Unit Value
Claimants who checked Box 2: Two times the Unit Value
Claimants who checked Box 3: Three times the Unit Value

All payments will be less applicable payroll taxes including without limitation the employer's share.

### Miscellaneous

The foregoing is an incomplete summary of the litigation and the proposed settlement. For complete information, you are invited to review the Court's files located at the United States District Court for the Eastern District of California, 501 1 Street, Los Angeles, California, 95814.

Any inquiries concerning this Notice or the attached Claim Form should be addressed to the Claims Administrator or Class Counsel. **DO NOT CONTACT THE COURT.**

EXHIBIT B

## REMINDER OF RIGHTS UNDER CLASS ACTION SETTLEMENT

Although you may have learned about your rights before, you are hereby reminded that you have until [date] to submit a claim for settlement benefits in the class action lawsuit brought against Starbucks alleging failure to reimburse store managers, assistant store managers, and shift supervisors for business related mileage expenses. If you do not submit a claim by that date, you will lose your right to receive any monetary benefits from the settlement. If you do not wish to be bound by the terms of the settlement, you are reminded that [date] is also the deadline to "opt out" or exclude yourself from the settlement.

A Notice of Class Action Settlement, claim forms and instructions for submitting a claim form were mailed out on [date]. Please refer to the Notice for more information and other important deadlines that may affect your rights. If you need another copy of the Notice, claim form or instructions, please contact the claims administrator Rust Consulting at [phone number] or class counsel Spiro Moss Barness LLP at 310 235-2468. You may also contact class counsel if you have any question about your legal rights.

Please act promptly if you wish to submit a claim for settlement benefits, or object to or opt out of the terms of the class action settlement.

prepaid
postage

_____
_____
_____
_____

6227429

W02-WEST 3RDE1\400784028.1                    -1-

# EXHIBIT C

**(You MUST Complete If You Wish To Receive A Settlement Payment)**

If you want to receive a share of the settlement funds, you must complete, sign and deliver this Claim Form by first class U.S. mail (postage prepaid) on or before [DATE] to:

Starbucks Mileage Reimbursement Case
c/o Rust Consulting, Inc.
[INSERT ADDRESS]
[INSERT PHONE]

# *12345678* - 001

Sample A. Sample
123 Any Ave.
Anytown, ST 12345-9876

If your pre-printed address is incorrect, please provide your correct address, below.

Name/Address Change:

| | | | |
|---|---|---|---|
| Name *(First)* | *(Middle)* | *(Last)* | |

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

Starbucks Corporation's ("Starbucks") records indicate that you were employed as a Class Member in California for a total of [number] weeks during the period March 12, 2003 to March 19, 2008. If you believe that any of this information is incorrect, you must provide a written explanation of your basis for disputing Starbucks records, along with copies of any relevant documents supporting your explanation, in the same envelope in which you return your signed, completed Claim Form. By providing this information, you authorize the Claims Administrator, Rust Consulting, to review your pertinent personnel records showing dates of employment and positions held with Starbucks. The Claims Administrator will then decide the number of weeks to be used and notify you of its decision. The Claims Administrator's decision will be final, binding, and non-appealable.

Please be aware that all applicable payroll taxes will be withheld from your settlement payment.

I wish to participate in the Settlement of the lawsuit entitled *Jonelle Lewis v. Starbucks Corporation*, United States District Court Case No. CV-490-MCE-DAD and receive a settlement payment in accordance with the terms of the Settlement. By signing this Claim Form, I understand that I am releasing Starbucks from any claims related to the reimbursement of business expenses incurred by me as a shift supervisor, assistant store manager or store manager in connection with the use of a personal vehicle during the period March 12, 2003 through the date of final approval of the settlement.

I certify under penalty of perjury that I have incurred mileage expenses as a shift supervisor, assistant store manager or store manager in using my personal vehicle in connection with the performance of my job duties for Starbucks and that I have not been reimbursed for such expenses. While I worked as a shift supervisor, assistant store manager, and/or store manager during the period March 12, 2003 to March 19, 2008, I estimate that the total number of miles I drove my personal vehicle to make bank deposits, pick up or drop off supplies, attend meetings, or perform any other job duties for Starbucks is as follows:

**(You must check Box A, B or C)**

☐   A.     Less than 100 miles.

☐   B.     100 to 200 miles.

☐   C.     Greater than 200 miles.

_____          ____ ___ / ___ ___ / ____ ___ ___ ___
(Sign Your Name Here)                     Date

6229032                    *Claim Form 1 of 2*