UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JONELLE LEWIS, on behalf of herself and all others similarly situated,

    Plaintiffs,

  v.

STARBUCKS CORPORATION,

    Defendant.

No. 2:07-cv-00490-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Jonelle Lewis ("Plaintiff") brought a class action lawsuit against Starbucks Corporation ("Defendant" or "Starbucks"), seeking reimbursement for mileage expenses under California Labor Code § 2802. Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement on April 28, 2008. Defendant does not oppose Plaintiff's motion, and does not oppose class action certification for settlement purposes only.

///

///

1

For the reasons stated below, Plaintiff's Motion for Preliminary Approval of Class Action Settlement is GRANTED.[1]

## BACKGROUND

On or about December 2005, Plaintiff began working for Defendant as an assistant manager at the Starbucks coffee store located in Martell, California. Plaintiff was promoted to store manager in May 2006, and worked as a shift supervisor beginning in July 2006. Plaintiff resigned from Starbucks on March 9, 2007. During her employment with Defendant, Plaintiff alleges she regularly used her personal vehicle to perform work-related duties. Plaintiff alleges that she requested reimbursement from Starbucks for her mileage expenses on various occasions, and "was always advised that, as a matter of company policy, Starbucks does not reimburse employees for mileage expenses." Plaintiff further alleges that Starbucks' California shift supervisors, store managers, and assistant store managers regularly use their personal vehicles to perform work-related duties, and Starbucks does not reimburse those employees for their mileage expenses.

On March 12, 2007, Plaintiff, acting on behalf of herself and all others similarly situated, filed her First Amended Complaint for Damages, Restitution, and Civil Penalties in this Court under diversity jurisdiction.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Plaintiff alleges four causes of action in her complaint: (1) Failure to Reimburse Business Expenses; (2) Failure to Pay All Wages Owed at Termination;[2] (3) Unfair Competition; and (4) Civil Penalties.  Plaintiff's causes of action allege violations of California Labor Code §§ 201, 202, 203, 218, 218.5, 218.6, 2802, 2699, and 2699.3, as well as violations of California Business and Professions Code §§ 17200 and 17203.  Plaintiff also asserts her right to recover attorney's fees pursuant to California Code of Civil Procedure § 1021.5.  All of Defendant's alleged violations stem from Plaintiff's allegation that Defendant failed to reimburse class members for mileage expenses incurred in the course of employment.

On April 28, 2008, Plaintiff moved for Preliminary Approval of Class Action Settlement, and sought certification of the settlement class for settlement purposes only.  The parties have engaged in discovery, including interrogatories, document requests, the deposition of Plaintiff by Defendant, and the Court's granting of a motion to compel Defendant to provide the names and addresses of class members.  Prior to the release of this information by Defendant, the parties submitted to mediation before the Hon. Edward A. Infante (Ret.), resulting in a final Settlement, including Defendant's maximum payment of $3,000,000, resolving all claims asserted in this litigation.

///

---

[2] Plaintiff has since modified her relief sought to exclude waiting time penalties under California Labor Code § 203 due to a recent decision by the California Supreme Court which made recovery of business expenses under this section unlikely.  See Gattuso v. Harte-Hanks Shoppers, Inc., 42 Cal. 4th 554, 572 (2007).

There are approximately 30,000 class members, consisting of shift supervisors, store managers, and assistant store managers working for Defendant in California during the period from March 12, 2003 to March 19, 2008. In the Settlement Stipulation filed concurrently with this Motion, Plaintiff estimates class members who submit a claim will receive an average of $60.

On May 8, 2008, Defendant filed its Statement of Non-Opposition to Plaintiff's Motion for Preliminary Approval of Class Action Settlement. Defendant does not oppose class action certification for settlement purposes only.

## STANDARD

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and that at least one of the requirements of Rule 23(b) have been met. See Fed. R. Civ. P. 23; see also Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996). Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23. Id. at 1233. While the trial court has broad discretion to certify a class, its discretion must be exercised within the framework of Rule 23. Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001).
///
///
///

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. See Fed. R. Civ. P. 23(a). Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. See Fed. R. Civ. P. 23(b).

**ANALYSIS**

**1.  Settlement Class Meets the Requirements of Rule 23(a)**

Defendant does not oppose Plaintiff's Motion for Preliminary Approval of Class Action Settlement. However, in assessing whether Plaintiff's proposed settlement class fulfills the prerequisites required under Rule 23(a), a court must fully examine the class according to the elements of numerosity, commonality, typicality, and adequacy of representation. Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998). Where the parties have entered into a settlement agreement before class certification, district courts "must pay 'undiluted, even heightened, attention' to class certification requirements...."

5

1  Id. (quoting <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591, 620,
2  117 S. Ct. 2231, 2248 (1997)).
3       Under Rule 23(a)(1), numerosity requires that the class be
4  "so numerous that joinder of all members is impracticable."  As
5  noted by the court in <u>Riordan v. Smith Barney</u>, the geographical
6  disbursement of class members outside of one district increases
7  impracticability of joinder, and "when the class is large,
8  numbers alone are dispositive."  113 F.R.D. 60, 62 (N.D. Ill.
9  1986).  In the instant case, the class consists of approximately
10 30,000 members, found in California's four federal districts.
11 While the exact number of class members is unknown, a
12 demonstration of sufficient numerosity has is adequate to meet
13 the requirements of Rule 23(a)(1).  <u>In re Computer Memories Secs.</u>
14 <u>Litig.</u>, 111 F.R.D. 675, 679 (N.D. Cal. 1986).
15      Under Rule 23(a)(2), the requirement of commonality is
16 satisfied if "there are questions of law or fact common to the
17 class."  In <u>Hanlon</u>, the Ninth Circuit stated that this
18 requirement is construed permissively, noting that commonality
19 can be found through "[t]he existence of shared legal issues with
20 divergent factual predicates...."  150 F.3d at 1019.  In the
21 instant case, the proposed class shares the common legal issue of
22 whether California law entitles them to reimbursement of their
23 work related mileage expenses from Defendant.  Minor factual
24 differences stemming from each class member's individual mileage
25 accumulations do not defeat commonality. <u>Blackie v. Barrack</u>, 524
26 F.2d 891, 902 (9th Cir. 1975).
27 ///
28 ///

6

The typicality requirement of Rule 23(a)(3) is satisfied if the claims of the representative parties are typical of the claims of the class. Typicality is satisfied where the requisite claims "share a common issue of law or fact and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief." Cal. Rural Legal Assistance, Inc. v. Legal Servs. Corp., 917 F.2d 1171, 1175 (9th Cir. 1990). Typicality does not require the claims to be identical. Hanlon, 150 F.3d at 1020.

Here, Plaintiff and all other class members claim the same injury, namely, Defendant's alleged violation of California law regarding reimbursement of work related mileage expenses. They all also seek the same relief, reimbursement for their work related mileage expenses from Defendant, restitution, and civil penalties. While there are minor factual differences in each class member's mileage accumulation, these differences are not dispositive to a finding of typicality. See In re Activision, 621 F. Supp. 415, 428 (N.D. Cal. 1985).

Under Rule 23(a)(4), Plaintiff must prove that "the representative parties will fairly and adequately protect the interests of the class." In Hanlon, the Ninth Circuit listed the factors necessary to establish adequate representation: (1) the named plaintiffs and their counsel must not "have any conflicts of interest with other class members," and (2) must show they will "prosecute the action vigorously on behalf of the class." 150 F.3d at 1020.

///
///
///

1      In the instant case, Plaintiff and all other class members
2 allege the same injury and seek the same remedies under
3 California law.  Plaintiff held all of the positions included in
4 the class description within the defined time frame.  No
5 conflicts of interest exist between representative parties and
6 class members where "each potential plaintiff has the same
7 problem..." and there is no showing of conflicting state law.
8 Id. at 1021.  Further, Defendant has not argued that Plaintiff or
9 Plaintiff's counsel will fail to vigorously prosecute the action.
10 Plaintiff and Plaintiff's counsel's active pursuit of this action
11 has been demonstrated throughout the litigation.  For example,
12 their actions in compelling discovery demonstrate their
13 commitment to achieving the common cause for all class members.
14 Plaintiff's counsel have been shown to have significant class
15 action experience, and the Ninth Circuit has established adequacy
16 of representation based on this fact alone.  See Local Joint
17 Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas
18 Sands, Inc., 244 F.3d 1152, 1162 (9th Cir. 2001).  Accordingly,
19 Plaintiff has properly established adequacy of representation
20 required under Rule 23(a)(4).
21      Plaintiff has established facts sufficient to meet the four
22 factors of Rule 23(a).  This Court must now examine whether the
23 circumstances of the litigation meet the requirements of the
24 second hurdle to settlement class certification set by Rule
25 23(b).
26 ///
27 ///
28 ///

### 2. Settlement Class Meets the Requirements of Rule 23(b)

As noted above, Rule 23(b) requires a plaintiff to establish one of three independent conditions. In the instant case, Plaintiff has asserted that settlement class certification qualifies under Rule 23(b)(3), which requires that common questions of law or fact predominate over any individual claims and that the class action is superior to other available methods of adjudication. See Fed. R. Civ. P. 23(b).

The predominance analysis under Rule 23(b)(3) asks whether the settlement class is "sufficiently cohesive to warrant adjudication by representation." A finding of a "common nucleus of facts and potential legal remedies" is sufficient to establish predominance. Hanlon, 150 F.3d at 1022. In the instant case, the predominant issue common to all class members is whether Starbucks had a policy or practice of failing to reimburse those employees for mileage expenses, and, as stated above, all class members seek the same relief. Class certification is not prevented here by the minor variation in each individual's measure of damages. See Blackie, 524 F.3d at 905. Moreover, the consolidation of litigants with a common, predominant issue achieves judicial economy, a policy implicit in the predominance requirement. Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).

The superiority element of Rule 23(b)(3) requires Plaintiff to establish that the proposed class action is superior to other alternative methods of resolving the dispute.

///

As stated by the Ninth Circuit in <u>Valentino</u>, "[a] class action is the superior method for managing litigation if no realistic alternative exists." 97 F.3d at 1234-35. In the instant case, the alternative to a class action is potentially thousands of individual cases seeking damages unlikely to cover the costs of litigation, and thus no tangible alternative remedy exists. Where a case involves "multiple claims for relatively small sums," the plaintiffs' only adequate dispute resolution option is a class action. <u>Culinary/Bartender Trust Fund</u>, 244 F.3d at 1163. The circumstances of the instant case demonstrate that a class action is the superior method of resolution, and is the only realistic alternative.

Moreover, Rule 23(b)(3) contains a list of factors to consider in determining superiority, and each of the relevant factors are met in this case. <u>See</u> Fed. R. Civ. P. 23(b)(3). First, as noted by Plaintiff in the motion for preliminary approval, "class members have no particular interest in individually controlling the prosecution of separate actions," and class members have the option to "opt out" of the class action and manage their own claim. Second, there are no competing actions by class members, as the plaintiff in the sole competing action concerning this controversy has chosen to eliminate any overlapping claims.[3] Third, concentrating the litigation in this forum is desirable, considering all class members reside in California and Defendant has not moved to transfer venue.

---

[3] <u>See Vargas v. Starbucks Corp.</u>, No. 08-1895 FMC (C.D. Cal).

Further, as the parties have already agreed on a settlement, "the desirability of concentrating the litigation in one forum is obvious." <u>Elkins v. Equitable Life Ins. of Iowa</u>, 1998 WL 133741, at *20 (M.D. Fla. 1998).  The final factor under Rule 23(b)(3), the "likely difficulties in managing a class action," does not apply to certification of a settlement class.  In <u>Anchem</u>, the Ninth Circuit stated "a district court need not inquire whether the case, if tried, would present intractable management problems ... for the proposal is that there be no trial."  521 U.S. at 620.

Because Plaintiffs have established facts sufficient to meet the requirements of Rule 23(a) and (b), they have satisfied the elements essential to settlement class certification.  However, Rule 23 also requires the proposed Settlement meet the notice requirements of Rule 23(c)(2)(B) and the fairness requirements of Rule 23(e).

### 3.  Settlement Meets the Notice Requirements of Rule 23(c)(2)(B)

Under Rule 23(e)(1), notice of the proposed settlement must be provided to all class members before a final approval of a class action settlement may issue.  Where a class is certified under Rule 23(b)(3), the notice must meet the requirements of Rule 23(c)(2)(B).  The notice must be the "best notice ... practicable under the circumstances," and must provide individual notice to all class members identified from a reasonable effort. <u>See</u> Fed. R. Civ. P. 23(c)(2)(B).  Actual notice is not required under Rule 23(c)(2)(B).

11

1 See Silber v. Mabon, 18 F.3d 1449, 1454 (9th Cir. 1994).  In
2 Mullane v. Central Hanover Bank & Trust Co., the Supreme Court
3 held that notice must be "reasonably calculated ... to apprise
4 interested parties of the pendency of the action and afford them
5 an opportunity to present their objections."  339 U.S. 306, 314.
6 Notice by mail is sufficient to provide due process to known
7 affected parties.  Id. at 318.

8     The parties have agreed to notify class members at their
9 last known addresses via first-class mail.  The addresses will be
10 sourced from Starbucks' records, and if delivery is unsuccessful,
11 from an agreed upon commercial database.  Individual notice will
12 be mailed to all class members whose identities are known to the
13 parties, and such notice is the best notice practicable.

14     Under Rule 23(c)(2)(B), the notice must be clear and
15 concise, and state in plain, easily understood language:

- the nature of the action;
- the definition of the class certified;
- the class claims, issues, or defenses;
- that a class member may enter an appearance through an attorney if the member so desires;
- that the court will exclude from the class any member who requests exclusion;
- the time and manner for requesting exclusion; and
- the binding effect of a class judgment on members under Rule 23(c)(3).

22 See Fed. R. Civ. P. 23(c)(2)(B).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

12

In the instant case, the parties' proposed notice sufficiently meets all of the above requirements. See Settlement Stipulation, Ex. A. The proposed notice of class action settlement is sufficient to inform class members of the terms of the settlement, their rights under the settlement, their rights to object to the settlement or elect not to participate in the settlement, the processes for doing so, and the date and location of the final approval hearing. Because Plaintiff has satisfied the requirements of settlement class certification under Rule 23, her Motion for Preliminary Approval of Class Action Settlement is granted.

**4.  Settlement Meets the Requirements of Rule 23(e)**

Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, adequate, and reasonable." Hanlon, 150 F.3d at 1026. Towards this end, the Ninth Circuit has provided a non-exhaustive list of fairness factors for district courts to analyze, but the weight given to each factor varies based on the unique circumstances in each case. Officers for Justice v. Civil Service Com'n of City and County of San Francisco, 688 F.2d 615, 625 (9th Cir. 1982). The factors may include: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel;

13

1  (7) the presence of a governmental participant; and (8) the
2  reaction of the class members to the proposed settlement.  Id.
3  Further, a settlement agreement must not be "the product of fraud
4  or overreaching by, or collusion between, the negotiating
5  parties."  Id.

6  Preliminary investigation into the instant case shows that
7  the parties engaged in relevant discovery, negotiated the
8  settlement at arm's-length in front of an impartial mediator, and
9  obtained a compromise which should provide class members with
10 reasonable relief considering the likely damages incurred and the
11 difficulties inherent in establishing liability at trial.  While
12 the parties did not fully complete discovery prior to settlement
13 negotiations, approval of a class action settlement is proper as
14 long as discovery allowed the parties to form a clear view of the
15 strengths and weaknesses of their cases.  In re Immune Response
16 Secs. Litig., 497 F. Supp. 2d 1166, 1174 (S.D. Cal. 2007).
17 Plaintiff contends that the discovery process was sufficient to
18 achieve this goal, and Defendant does not oppose this claim.
19 Further, the approximate $60 settlement per class member is a
20 reasonable compromise in light of IRS mileage reimbursement rates
21 and the close proximity of Starbucks stores to probable work-
22 related destinations such as other Starbucks stores, banks, and
23 grocery stores.

24 Moreover, in light of the fairness factors listed above,
25 Defendant has denied liability on all causes of action, and has
26 agreed to class certification for settlement purposes only.
27 ///
28 ///

14

Should the proposed settlement be dismissed, it is probable that protracted litigation over class certification, discovery, and the actual claims at issue will commence.  Because it is impossible to predict the ultimate outcome of a class action trial and the resulting impact on any class members, review of a district court's settlement approval by the Ninth Circuit is limited to an evaluation of whether the "fees and relief provisions clearly suggest the possibility that class interests gave way to self interest."  Staton v. Boeing Co., 327 F.3d 938, 961 (9th Cir. 2003).  In the instant case, there appears to be no evidence of collusion or overreaching.  Thus, at this preliminary stage, the proposed settlement appears fair, adequate, and reasonable, appears to be the product of arm's-length and informed negotiations, and appears to treat all class members fairly.  This finding will be further reviewed, according to the fairness factors listed above, following appropriate notice to the class members and a final approval hearing.

**5. Attorney's Fees and Plaintiff Enhancement**

In the Settlement Stipulation, the parties have agreed to compensate Plaintiff's counsel $750,000 for their fees and costs, equaling 25% of the total settlement fund, subject to approval by this Court.  The Ninth Circuit held in Vizcaino v. Microsoft Corp. that in common fund cases such as the instant case, the district court has discretion to apply either the percentage of the fund method or the lodestar method for determining attorney's fees and costs.  290 F.3d 1043, 1047 (9th Cir. 2002).

15

Where the percentage method has been deemed appropriate, a benchmark of 25% of the fund is proper. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989). This percentage may be adjusted to account for unusual circumstances. Id. Factors influencing whether a percentage method is appropriate include early settlement, achievement of an excellent result, risk, and a showing of standard fees for similar litigation. Vizcaino, 290 F.3d at 1048-50.

The lodestar method, multiplying reasonable hours worked by a reasonable rate, may be used as a cross-check on the reasonableness of fees awarded through a percentage method, but this cross-check is not required. Id. The Ninth Circuit has stated, "as always, when determining attorneys' fees, the district court should be guided by the fundamental principle that fee awards out of common funds be 'reasonable under the circumstances.'" In re Washington Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1296 (9th Cir. 1994) (quoting Florida v. Dunne, 915 F.2d 542, 545 (9th Cir. 1990) (emphasis in original)).

In the instant case, Plaintiff's counsel have achieved substantial results for the class at an early stage of litigation. The common fund doctrine "rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." Staton v. Boeing Co., 327 F.3d 938, 967 (9th Cir. 2003). The common fund doctrine allows the distribution of the costs of litigation among those benefitting from the efforts of the litigants and their counsel. Paul, Johnson, Alston & Hunt, 886 F.2d at 271.

Use of a lodestar calculation would punish Plaintiff's counsel for the early proposed settlement, and thus may impede settlement efforts in similar cases.

In order to fairly distribute the costs of litigation under the common fund doctrine, and to properly compensate Plaintiff's counsel for their successful efforts on behalf of approximately 30,000 class members, the Court preliminarily finds Plaintiff's request for attorneys' fees and costs set at 25% of the common fund to be reasonable. The Court will revisit this finding at the final approval hearing, in light of any proposed objections or further information provided by the parties.

Likewise, Plaintiff's requested enhancement of $5,000 also appears reasonable. In Staton, the Ninth Circuit stated that "named plaintiffs ... are eligible for reasonable incentive payments." 327 F.3d at 976-77. District courts must examine each proposed incentive award, considering the plaintiff's actions protecting class interests, the benefit provided to the class based on those actions, and the amount of time and effort expended by the plaintiff. Id. (citing Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998)). Here, Plaintiff's actions in bringing the action and participating in discovery and mediation resulted in a settlement that, if approved, will provide monetary relief to a large class of former and current Starbucks employees. The requested payment appears reasonable in light of Plaintiff's efforts, however the Court will revisit this preliminary finding following the final approval hearing.

///
///

**CONCLUSION**

Plaintiff's Motion for Preliminary Approval of Class Action Settlement is GRANTED.

The Court hereby certifies the class preliminary and solely for the purpose of settlement.  The class consists of "all persons employed by Starbucks in the job categories of shift supervisor, assistant store manager, or store manager within the state of California during the period from March 12, 2003 until March 19, 2008."

The Court hereby appoints Rust Consulting, Inc. as the Claims Administrator pursuant to the Settlement Stipulation.  The Claims Administrator shall mail out notice of the settlement, claim forms and a reminder postcard in accordance with the settlement agreement.

The Court hereby appoints Plaintiff as class representative, and Spiro Moss Barness LLP as class counsel.

The final approval hearing will be held on **December 5, 2008, 9:00 a.m. in Courtroom 7** to determine whether the settlement should be granted final approval as fair, reasonable, and adequate.  At the final approval hearing, the Court will hear any further evidence and argument necessary to evaluate the settlement and will consider Plaintiff's application for an enhancement and an award of attorney's fees and costs.

///
///
///
///

18

Any class member who does not submit a timely request for exclusion from the settlement may appear at the final approval hearing in person or by his or her own attorney and object to the settlement, the application for an award of attorney's fees and costs, or the application for an enhancement for Plaintiff. To be considered at the hearing, comments or objections from class members must be filed with the Court, and mailed to class counsel and Starbucks' counsel, not later than 30 days after the Claims Administrator mails the class notice.

The Court reserves the right to continue the date of the final approval hearing without further notice to class members.

IT IS SO ORDERED.

Dated: September 10, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE