Ira Spiro,  SBN 067641
ispiro@spiromoss.com
Gregory N. Karasik, SBN 115834
greg@spiromoss.com
Spiro Moss Barness  LLP
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064-1683
Telephone     310-235-2468
Fax:              310-235-2456

Attorneys for Plaintiff
JONELLE LEWIS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONELLE LEWIS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | Case No. 2:07-CV-00490-MCE-DAD <br><br> **CLASS ACTION** <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL  APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Date:   December 5, 2008 <br> Time:   9:00 a.m. <br> Ctrm:   7 |

On December 5, 2008, a hearing was held on the motion of plaintiff Jonelle Lewis ("Plaintiff") for final approval of the class action settlement reached with defendant Starbucks Corporation ("Starbucks") that was preliminarily approved by the Court on September 11, 2008 (the "Settlement").  The Court having read and considered the papers on the motion, the arguments of counsel, and the law, and good cause appearing therefore, Plaintiff's motion is hereby GRANTED and IT IS ORDERED that:

    1.    The Court hereby GRANTS final approval of the Settlement.  The Court finds that the terms of the Settlement are fair, reasonable and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Settlement was reached as a result of arms-length negotiations after sufficient investigation and discovery, and that class members were given notice of the Settlement,

which advised them of their right to object to the Settlement, in a reasonable manner.  No objections to the settlement were received by the court prior to the hearing and no one appeared at the hearing in opposition to the proposed settlement.

2. The Court hereby certifies finally and solely for the purpose of settlement a class consisting of "all persons employed by Starbucks in the job categories of shift supervisor, assistant store manager, or store manager within the state of California during the period from March 12, 2003 until March 19, 2008."  The Court finds that the settlement class satisfies the applicable criteria for class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

3. The Court hereby directs payment to the Settlement Administrator from the settlement funds for its fees and expenses in accordance with the Settlement.

4. The Court hereby directs that the Settlement Administrator distribute settlement benefits to claimants from the settlement funds in accordance with the Settlement.

5. The Court hereby awards Plaintiff's counsel attorney's fees and costs in the amount of $750,000 to be paid from the settlement funds.

6. The Court hereby awards an incentive payment to Plaintiff to be paid from the settlement funds in the amount of $5,000.

7. The Court hereby directs the Settlement Administrator to make payment from the settlement funds to the Labor Workforce and Development Agency in the amount of $25,000.

8. The Court hereby dismisses Plaintiff's claims against Starbucks with prejudice.

9. The Court hereby orders that class members who did not timely exclude themselves from the Settlement have released their claims against Starbucks as set forth in the Settlement.

10. The Court hereby orders that class members who did not timely object to the Settlement are barred from prosecuting or pursuing any appeal of the Court's order granting final approval to the Settlement.

///

1   11.     The Court hereby directs that the clerk of the Court enter the Court's order as a
final judgment; and

12.     The Court hereby orders that, without affecting the finality of the final judgment, it reserves continuing jurisdiction over the parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the judgment.

Dated: December 10, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE